CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 9 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| RODNEY S. TUCKER, | ) | CASE NO. 7:11CV00402 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Rodney S. Tucker, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that unnamed officials in the Virginia Department of Corrections (VDOC) have delayed providing him with adequate medical treatment for his eye conditions. He sues only the VDOC itself, seeking monetary damages. The court finds that the complaint must be summarily dismissed as legally frivolous.

To state a cause of action under § 1983, plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an officer or employee of a governmental entity may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Neitzke v. Williams, 490 U.S. 319, 327 (1989) (finding that previous version of § 1915 gives judges authority to dismiss a claim based on an indisputably meritless legal theory).

It is well settled that a state and its agencies cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because the VDOC is properly

considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. Because the VDOC is the only defendant that Tucker names in his complaint, the action must be dismissed as having no basis in law.[1] An appropriate order will enter this day.

For the reasons stated, the court dismisses Tucker's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ___29th___ day of August, 2011.

_Jsmu Conrad_

Chief United States District Judge

---

[1]     Moreover, it does not appear that Tucker's allegations state anything more than a disagreement between Tucker and the medical professionals who have treated him at the correctional centers where he has been incarcerated. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (finding that to state Eighth Amendment claim of inadequate medical treatment, inmate must show that medical personnel exhibited "deliberate indifference" to his "serious medical needs"). From his own allegations, it is clear that the medical staff entrusted with providing medical treatment for Tucker examined him regularly and prescribed and provided treatment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that disagreement between inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975) (finding that questions of medical judgment are not subject to judicial review). The fact that he disagreed at times with the treatment he received or the timing of that treatment does not support a finding that anyone acted with deliberate indifference to his needs so as to violate his constitutional rights.

2